IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01277-PAB

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

JOHN M. MBAKU, and
LUVIBIDILA JOLIE LUMUENEMO,

    Defendants.

## ORDER

    This matter is before the Court *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendants John M. Mbaku and Luvibidila Jolie Lumuenemo.  Defendants claim that this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331.  In light of defendants' pro se status, the Court construes their filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).  However, the Court shall not act as an advocate for the pro se litigants. *Hall*, 935 F.2d at 1110.

    Defendants are the owners of real property located at 1177 S. Alton St. A, Denver, CO 80247 (the "Residence") as identified by the Deed of Trust.  Docket No. 1-1 at 20-26.  On February 22, 2008, defendants executed a promissory note in the amount of $166,885.00 with the Residence as security.  Docket No. 1-1 at 16-18.  On May 3, 2013, Bank of America, N.A. ("BOA") filed a Verified Motion for Order Authorizing Sale Pursuant to Rule 120, Colorado Rules of Civil Procedure [Docket No. 1-1 at 1-3].  In its

verified motion in the state court action, BOA alleged that defendants were in default and sought an order to foreclose on the Residence. Docket No. 1-1 at 2. The state court scheduled a Rule 120 hearing for June 3, 2013.[1] Docket No. 1-1 at 9-11. On May 16, 2013, defendants removed the case to this Court [Docket No. 1].

In the notice of removal, defendants state that the Court has jurisdiction over this case because the Rule 120 hearing violates their rights to due process and equal protection. Docket No. 1 at 3. In addition, defendants claim that the Court has jurisdiction because the Rule 120 hearing will decide issues similar to the ones currently pending before the Court in a related case. *See John M. Mbaku v. Bank of America, N.A.*, No. 12-cv-00190-PAB-KLM (D. Colo. 2012).

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires sua sponte action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). The removing party bears the burden of establishing the requirements of federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Removal statutes are to be "narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005).

---

[1]Under Colorado law, once a creditor defaults on a loan and the deed of trust so authorizes, the holder of the promissory note may request that the public trustee sell the property at a foreclosure sale. Colo. Rev. Stat. § 38-38-101(1). The holder of the note must also seek an order from the state district court authorizing the sale under Rule 120. Colo. R. Civ. P. 120.

Under 28 U.S.C. § 1441, a defendant in state court may remove a case to federal court when a federal court would have had jurisdiction if the case had been filed there originally. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Defendants here have not met their burden to show that this Court has subject matter jurisdiction over this case. Although defendants attach numerous documents from the state court proceedings, *see* Docket No. 1-1, none of these documents sufficiently establish the Court's jurisdiction.

First, there is no support for removal based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Except for narrow circumstances, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *See Johnson*, 404 F.3d at 1247. A review of BOA's complaint and Rule 120 motion in the state court proceeding reveals that the matters alleged therein involve only state law. Because defendants' notice of removal alleges that their defenses arise under federal law and those defenses do not fall within the narrow exceptions to the well-pleaded complaint rule, defendants have not shown that this case is removable. *Johnson*, 404 F.3d at 1247.

Second, defendants cannot show that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because they are citizens of the State of Colorado. *See* 28 U.S.C. § 1441(b)(2) ("[any] civil action otherwise removable solely on the basis of

the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Accordingly, the Court finds that it does not have jurisdiction over this case.

For the foregoing reasons, it is

**ORDERED** that this case is **REMANDED** to the District Court of Arapahoe County, Colorado, where it was filed as Case No. 2013-CV-200883.

DATED May 17, 2013.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge